IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
       Plaintiff,

v.                                  Case No: 3:12cv114/MCR/CJK

KOTTEMANN LAW FIRM PLLC, et al.,
       Defendants.
_____

## REPORT AND RECOMMENDATION

      This cause is before the Court upon defendant Timothy Kottemann's motion to dismiss plaintiff's complaint (doc. 31) and plaintiff United States' motion to dismiss Timothy Kottemann's counterclaims (doc. 37).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).  After careful consideration, the undersigned concludes that defendant Kottemann's motion to dismiss should be denied and the United States' motion to dismiss granted.

### BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff United States of America ("United States") brought this action against Timothy Kottemann and Kottemann Law Firm, PLLC, to recover monies owed by Kottemann on a debt and to foreclose on real property mortgaged as security for that debt (doc. 1).  Defendant Timothy Kottemann ("Kottemann") is a lawyer licensed to practice in Mississippi and Alabama (doc. 13, p. 1).  Kottemann, appearing *pro se*, filed an answer to the complaint on September 24, 2012, (doc. 13), which he amended

on December 5, 2012, (doc. 28).   Kottemann's amended answer asserts three
counterclaims against the United States (doc. 28).   Kottemann seeks $400,000 in
compensatory damages and $540,000.00 in punitive damages on his counterclaims
(*id*., p.6).   The United States filed a response to the counterclaims on December 12,
2012, (doc. 30), and now moves to dismiss the counterclaims for failure to state a
claim and for lack of subject-matter jurisdiction (doc. 37).   Kottemann responded in
opposition to dismissal (doc. 44).   On February 1, 2013, defendant Kottemann filed
a motion to dismiss the United States' complaint for failure to state a claim and for
lack of subject-matter jurisdiction (doc. 31).   The United States responded in
opposition to dismissal (doc. 35).   The parties' motions will be addressed in turn.

LEGAL STANDARDS

Rule 12(b)(6) Standard

In considering a motion to dismiss filed under Rule 12(b)(6) of the Federal
Rules of Civil Procedure, the Court accepts all factual allegations in the complaint as
true and evaluates all reasonable inferences derived from those facts in the light most
favorable to the plaintiff.   *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.
1994).   There are a few exceptions to this rule, such as where the facts alleged are
internally inconsistent or where they run counter to facts of which the Court can take
judicial notice.   5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL
PRACTICE AND PROCEDURE § 1357 (2008).   Further, only <u>well pleaded</u> factual
allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the
plaintiff.   *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992);
*Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated*

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to

*Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

---

October 1, 1981.

<u>Rule 12(b)(1) Standard</u>

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) can be based upon either a facial or a factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007) (*citing Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). "The district court has the power to dismiss for lack of subject-matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (*quoting Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* (*quoting Menchaca*, 613 F.2d at 511). In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach and, where the elements of the underlying cause of action are not implicated, the court is free to weigh the evidence. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

### KOTTEMANN'S MOTION TO DISMISS THE COMPLAINT

The United States' complaint, brought under 28 U.S.C. § 1345, seeks entry of judgment on a debt (evidenced by two promissory notes and secured by a personal guarantee and a mortgage on certain real property located in Escambia County, Florida), and foreclosure on the real property securing that debt. (Doc. 1 and Exs. A-E). Defendant Kottemann moves to dismiss the United States' complaint "pursuant to Fla. R. Civ. P. 1.140(b)(6); Fla. Stat. §673, *et seq.*; and precedent case law." (Doc. 31, p. 1). Kottemann argues in support of his motion that the United States fails to state a claim upon which relief can be granted, because: (1) the complaint fails to allege that the United States owns the note and mortgage upon which this action is based; (2) the two promissory notes upon which the United States is suing are not negotiable instruments and thus cannot be the basis of a foreclosure or recovery by the United States; and (3) this Court lacks subject-matter jurisdiction over the United States' claims because no federal question is presented.

The Florida Rules of Civil Procedure provide no basis to dismiss the complaint, as this case is governed by federal, not state rules of court procedure. Kottemann is a licensed attorney and is not entitled to the benefit of liberal construction of his pleadings. *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (declining to accord *pro se* plaintiff the advantage of the liberal construction of pleadings normally provided *pro se* litigants, because plaintiff was a licensed attorney); *see also, e.g., Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 2013 WL 563180, at *1 n.1 (11th Cir. Feb. 15, 2013) (unpublished opinion) ("Because Bowers is a licensed lawyer, his complaint does not receive the liberal construction typically afforded *pro se* plaintiffs' complaints." (*citing Olivares, supra*)); *Drees v. Ferguson*, 396 F. App'x 656, 657 n.3 (11th Cir. 2010) ("[W]hen a licensed lawyer appears *pro se*, we do not

provide h[is] pleadings with the liberal construction customarily reserved for other *pro se* litigants." (*citing Olivares, supra*)). Nonetheless, even overlooking this defect in Kottemann's motion and construing the motion as filed under the corresponding Federal rule, Rule 12(b) of the Federal Rules of Civil Procedure, Kottemann's motion should be denied.

Kottemann first asserts that the United States' complaint fails to state a cause of action because it fails to allege that the United States owns the notes and mortgage upon which this action is based. (Doc. 31 ¶ 6) (stating that "while Plaintiff has made conclusory allegations that it [USA] 'is entitled to enforce the terms of the note and mortgage pursuant to Fla. Stat. 673.3011(3),' **it [SBA] has failed to plea that it owns the subject mortgage and note**.") (emphasis and bracketed text in original). Contrary to Kottemann's assertion, the complaint explicitly alleges: "The United States of America is the real party in interest and is the holder and owner of the Notes, Mortgage and Deed of Trust herein described". (Doc. 1 ¶ 18). The United States attached to its complaint copies of the Notes, Mortgage, Unconditional Guarantee, and Deed of Trust executed by defendant Kottemann in favor of the U.S. Small Business Administration ("SBA"). (Doc. 1, Exs. A-E). The Supreme Court has held that the Small Business Administration is not a separate legal entity from the United States, but "is an integral part of the governmental mechanism created to accomplish what Congress deemed to be of national importance." *Small Bus. Admin. v. McClellan*, 364 U.S. 446, 449-50, 81 S. Ct. 191, 194-95, 5 L. Ed. 2d 200 (1960) (internal quotation marks omitted); *see also Pramco, LLC v. Torres*, 286 F. Supp. 2d 164, 168 (D. Puerto Rico 2003) (holding that the SBA is not a corporate entity or a separate legal entity from the United States, but an agency of the United States); *United States v. Martin*, 344 F. Supp. 350, 355 (E.D. Mich. 1972) ("The United States

of America is the proper party Plaintiff" to sue on a loan held by the Small Business Administration); *United States v. Techno Fund, Inc.*, 270 F. Supp. 83, 84-85 (D.C. Ohio 1967) (holding that the United States is the real party in interest to bring a suit arising out of the official acts of the Small Business Administration). As the allegations of and attachments to the complaint sufficiently allege that the United States is the real party in interest and the holder and owner of the Notes, Mortgage, Guarantee and Deed of Trust underlying this cause of action, Kottemann's motion to dismiss for failure to allege ownership of the instruments should be denied.

Kottemann's second contention is that "the subject note is non-negotiable and therefore Plaintiff may not invoke Fla. Stat. § 673.3011 as it attempts to do here." (Doc. 31, p. 2). Florida Statutes Section 673.3011 defines the term "person entitled to enforce" an instrument. Kottemann fails to explain how § 673.3011, or the negotiable or non-negotiable character of the notes, defeats the United States' right to recover, except to imply that only the SBA and not the United States is entitled to enforce the notes. (Doc. 31, pp. 2-3). As discussed above, the SBA is not a separate legal entity from the United States. Whether or not the notes are negotiable instruments has nothing to do with the United States' right to recover the debt owed it by Kottemann. (*See* Doc. 35, pp. 5-7). There was no transfer of the promissory notes, nor would a transfer be necessary for the United States to recover in this suit. The complaint alleges that Kottemann borrowed money from the United States through the SBA; that Kottemann executed two promissory notes promising repayment; that Kottemann secured one note with a Mortgage and a Deed of Trust, and secured the other note with an Unconditional Guarantee. Kottemann failed to repay the promissory notes. The United States now seeks judgment in the full amount

due and to foreclose on the Mortgage and Deed of Trust. Kottemann's second asserted basis for dismissal should be rejected.

Kottemann's final contention is that this Court lacks subject-matter jurisdiction. Kottemann notes that 15 U.S.C. § 634(b)(1) bestows upon the Administrator of the Small Business Administration the authority to sue and be sued "in any court of record of a State having general jurisdiction, or in any United States district court. . . ." (Doc. 31 ¶ 15). Kottemann asserts that this Court lacks subject-matter jurisdiction, because there is no federal question under 28 U.S.C. § 1331, and "a Foreclosure action on real property . . . is a State Court case." (*Id*. ¶ 16). Regardless of whether a federal question is presented, and regardless of whether the plaintiff in this case is identified as the SBA Administrator or the United States, the fact remains that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by an agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. Kottemann's third (and final) asserted basis for dismissal fails.

In light of the foregoing discussion, Kottemann's motion to dismiss (doc. 31) should be denied.

### UNITED STATES' MOTION TO DISMISS COUNTERCLAIMS

Kottemann's amended answer asserts three counterclaims, which Kottemann identifies as follows: "SBA's General Powers", "Selective/Malicious Prosecution" and "Defamation". (Doc. 28). The United States moves to dismiss Kottemann's counterclaims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, arguing that none of the counterclaims state a claim upon which relief can be granted, and that the Court lacks jurisdiction to hear Kottemann's second and third counterclaims. (Doc. 37).

Kottemann's first counterclaim, labeled "SBA's General Powers", asserts the following:

> The SBA has failed in this case to work in such a manner that is proper for a subdivision of the United States of America relating to disaster loans in Federal law by not providing proper notice in following Federal law related to foreclosures. The SBA violated its duty to the counter-Plaintiff by not following its own regulations and Federal law. The SBA has a duty to compromise, release, renew, extend, and have discussions with disaster loan borrowers such as the Counter-Plaintiff.

> The conduct of the Counter-Defendant(s) is willfully, maliciously, intentionally and wantonly done with such gross recklessness as to show an utter indifference to the consequences to the Counter-Plaintiff, past, present and future. The SBA's conduct is so outrageous as to go beyond all decency and is atrocious in utterly intolerable in a civilized society. The Counter-Plaintiff is being treated differently and is being selected by prosecution by the SBA for purposes which violate the SBA's own regulations and Federal law and the law of situs.

(Doc. 28, pp. 4-5 ¶¶ 1-2). The United States is correct that Kottemann's facutal allegations do not reasonably support an inference that the United States violated Federal law or Federal regulations. This judicial proceeding provides Kottemann notice and an opportunity to be heard. Kottemann identifies no Federal law or regulation requiring the SBA to compromise with defaulting disaster borrowers. To the contrary, 15 U.S.C. § 634, which sets forth the general powers of the Administrator of the SBA, provides that the SBA has full discretion to compromise or not to compromise when dealing with loans made by the SBA, whichever serves the best interest of the United States. Section 634 provides, in relevant part:

(b) Powers of Administrator

In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may –

. . . .

> (7) in addition to any powers, functions, privileges and immunities otherwise vested in him, take <u>any and all actions</u> (including the procurement of the services of attorneys by contract in any office where an attorney or attorneys are not or cannot be economically employed full time to render such services) when he determines such actions are necessary or desirable in making, servicing, compromising, modifying, <u>liquidating, or otherwise dealing with or realizing on loans made under the provisions of this chapter</u> . . .

15 U.S.C. § 634(b)(7) (emphasis added); *Pramco*, 286 F. Supp. 2d at 168 ("The SBA is empowered to 'take any and all actions' in making or dealing with SBA loans."). The regulations governing the SBA, 13 C. F. R. §§ 101.100-147.670, contain no provision requiring the SBA to compromise, release, renew, extend, or have discussions with a borrower. The particular promissory notes defendant Kottemann executed contain no such requirement. (Doc. 1, Exs. A-E). To the contrary, the notes Kottemann executed expressly provide that the SBA may, without notice and without Kottemann's consent, "[t]ake any action necessary to protect the Collateral or collect amounts owing on this Note." (Doc. 1, Exs. A and C, p. 1 ¶ 6). The promissory notes also address the issue of default, providing: "Borrower is in default under this Note if Borrower does not make a payment due under this Note". (*Id*., Exs. A and C, p. 1 ¶ 4). If there is a default: "Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) file suit and obtain judgment; D) Take possession of any collateral; or, E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement." (*Id*., Exs. A and C, p. 1 ¶ 5).

As defendant Kottemann's "SBA's General Powers" counterclaim fails to state a claim for relief that is plausible on its face, the counterclaim should be dismissed.

Kottemann's second counterclaim asserts a tort claim for "Selective/Malicious Prosecution" based on the following allegations:

> The allegations brought by the Counter-Defendant(s) in the original Complaint hereinabove referred to are completely groundless, made without any justification and Counter-Defendant(s) have brought this claim with malicious intent to cause the Counter-Plaintiff, Timothy Kottemann harm. and those similarly situated. The SBA's duty is to assist citizens of USA not bring harm based on disasters.

(Doc. 28, p. 5 ¶ 3) (typographical error in original). Kottemann's third counterclaim asserts a tort claim for "Defamation" based on the following allegations: "The Counter-Plaintiff has suffered harm to his business reputation based on the false allegations by the Counter-Defendant, SBA." (Doc. 28, p. 5, Count III). The United States asserts that Kottemann's second and third counterclaims are subject to dismissal on two bases: failure to state a claim upon which relief can be granted, and lack of subject-matter jurisdiction. The Court need only address the issue of jurisdiction.

<u>Kottemann's Second and Third Counterclaims are Barred by Sovereign Immunity</u>

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096-97, 135 L. Ed. 2d 486 (1996) (citations omitted). The Federal Tort Claims Act ("FTCA") abrogates the United States' sovereign immunity and allows

the federal government to be held liable to the same extent as a private individual for certain torts committed by federal employees acting within the scope of their employment. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 700, 124 S. Ct. 2739, 159 L. Ed. 2d 718 (2004); 28 U.S.C. § 1346(b)(1). The torts actionable under the FTCA include "claims . . . for money damages . . . for injury or loss of property, or personal injury or death", 28 U.S.C. § 1346(b)(1), but there are exceptions. Title 28 U.S.C. § 2680 provides, in pertinent part:

> The provisions of this Chapter and section 1346(b) of this title shall not apply to:
>
> . . . .
>
>     (h)    Any claim arising out of assault, battery, false imprisonment, false arrest, <u>malicious prosecution</u>, abuse of process, <u>libel</u>, <u>slander</u>, misappropriation, deceit, or interference with contract rights.

28 U.S.C. § 2680(h) (emphasis added). The exclusion of such torts from the ambit of § 1346(b) deprives this Court of jurisdiction to hear Kottemann's counterclaims for malicious prosecution and defamation. Although defamation is not one of the tort claims enumerated in § 2680(h), it is by its nature similar enough to libel and slander to be excluded from the Court's jurisdiction as well. *Siegert v. Gilley*, 500 U.S. 226, 234, 111 S. Ct. 1789, 1794, 114 L. Ed. 2d 277 (1991) ("[A] suit could not be brought [against the United states], in light of the exemption in [the FTCA] for claims based on defamation – see 28 U.S.C. § 2680(h). . . ."); *see also, e.g. Smith v. Sec'y, U.S. Dep't of Commerce*, 495 F. App'x 10, 11 (11th Cir. 2012) (holding that the FTCA specifically did not waive the United States' sovereign immunity for claims arising out of libel and slander; therefore the district court lacked jurisdiction over

defamation tort claim).  As the Tenth Circuit explained in *Aviles v. Lutz*, 887 F. 2d 1046 (10th Cir. 1989):

> Section 2680 encompasses exceptions to the United States' general waiver of immunity contained in § 1346(b).  These exceptions mark the boundaries "between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808, 104 S. Ct. 2755, 2762, 81 L. Ed. 2d 660 (1984).  In this instance, we are concerned with subsection (h) which exempts from the provisions of the FTCA and § 1346(b) "[a]ny claim arising out of . . . libel, slander . . . or interference with contract rights." 28 U.S.C. § 2680(h).  Undoubtedly, § 2680(h) bars any cause of action Aviles might have against the United States. Aviles' allegation that certain government employees defamed him falls squarely within the libel and slander exception of subsection (h).

*Id.* at 1048.  As Kottemann's second and third counterclaims are barred by sovereign immunity, they must be dismissed.

## Kottemann's Second and Third Counterclaims are Also Barred by Kottemann's Failure to Exhaust the Administrative Claim Procedure

Even if not barred by sovereign immunity, this Court lacks jurisdiction over Kottemann's "Selective/Malicious Prosecution" and "Defamation" tort claims, because Kottemann failed to exhaust his administrative remedies.

"A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (*citing* 28 U.S.C. § 2675(a)).  Title 28 U.S.C. § 2675 provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim

> to the appropriate Federal agency and his claim shall have been finally
> denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see also  Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("A federal court does not have 'jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . accompanied by a claim for money damages in a sum certain.'"(*quoting Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006))); *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237-38 (11th Cir. 2002) ("[T]he administrative notice requirement of 28 U.S.C. § 2675 'is jurisdictional and cannot be waived.'" (*quoting  Likens v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984))).

Kottemann was obliged to first present his tort claims to the appropriate Federal agency, in this case, the Small Business Administration, before asserting them here.  The Federal regulations set out the specific procedures for presenting an administrative claim under the FTCA, which includes presenting it in writing to either the SBA District Office or the Disaster Assistance Office nearest to the site of the action giving rise to the claim.  13 C. F. R. § 114.102(b)-(c).  If the claim is not filed on an official form, the claim must be in writing, state the specific amount of the alleged damages and provide enough information to enable the SBA to investigate the claim.  13 C. F. R. § 114.102(c).  The SBA official responsible for approving or denying administrative tort claims such as Kottemann's is the Associate General Counsel for Litigation.  13 C. F. R.  §§ 114.105-114.107.

The United States submitted an affidavit from Eric S. Benderson, Associate General Counsel for Litigation, attesting that he has not seen, or reviewed, any tort claim filed by or on behalf of Kottemann.  (Doc. 37, Ex. D).  Kottemann responds that the SBA received "constructive notice" of his tort counterclaims by his raising them

during this lawsuit. (Doc. 44, p. 7). Kottemann does not address, much less dispute, his failure to present his tort claims to the SBA in the manner and form required by the Federal regulations. Because the undisputed facts evidenced in the record show that Kottemann failed to file his "Selective/Malicious Prosecution" and "Defamation" counterclaims with the appropriate administrative agency and thus failed to comply with the statutory prerequisites of § 2675(a), Kottemann's second and third countermclaims must be dismissed for lack of subject-matter jurisdiction.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff United States' motion to dismiss (doc. 37) be GRANTED.

2. That defendant Timothy Kottemann's first counterclaim for "SBA's General Powers" be DISMISSED for failure to state a claim upon which relief can be granted.

3. That defendant Timothy Kottemann's second and third counterclaims for "Selective/Malicious Prosecution" and "Defamation" be DISMISSED for lack of subject-matter jurisdiction.

4. That defendant Timothy Kottemann's motion to dismiss (doc. 31) be DENIED.

5. That this matter be referred to the undersigned for further proceedings.

At Pensacola, Florida this 10th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).