UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                             **Case No. 3:12cv114/MCR/CJK**

**KOTTEMANN LAW FIRM PLLC,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    This foreclosure action is before the court upon plaintiff's amended motion for summary judgment and evidentiary materials. (Doc. 72). Defendant Timothy Kottemann responded in opposition to the motion. (Docs. 74-76). The undersigned conducted a telephone status conference to clarify the parties' positions. (Doc. 83). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Having fully considered the parties' submissions, the record and the relevant case law, the undersigned recommends that plaintiff's motion be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff United States of America ("United States") brought this action against Timothy Kottemann and Kottemann Law Firm, PLLC, to foreclose the lien of a real estate mortgage and security agreements, pursuant to 28 U.S.C. § 1345, and to sell the real property to defray the debt. (Doc. 1). Defendant Timothy Kottemann ("Kottemann") is a lawyer licensed to practice in Mississippi and Alabama. (Doc. 13, p. 1). Kottemann, appearing *pro se*, filed an amended answer to the complaint on December 5, 2012. (Doc. 28). Kottemann's amended answer denies all allegations of the complaint, and asserts affirmatively the following defenses, which are taken verbatim from Kottemann's amended answer: (1) "The Defendant asserts all Federal Rules of Civil Procedure affirmative defenses pursuant to F.R.Civ.P. 8, satisfaction, contributory negligence, distress, estoppel, illegality, laches, licenses, release, waiver, res judicata, issue preclusion, collateral estoppel"; (2) "The Defendant asserts affirmatively the defense, the 'unclean hands doctrine'"; and (3) "The Defendant asserts the Federal Rules of Civil Procedure Affirmative Defenses Rule 12(b)(1, 2, 3, 4, 5, 6). The Complaint fails to state a claim upon which relief may be granted." (Doc. 28, p. 3). Kottemann's amended answer also asserted three counterclaims against the United States, all of which were dismissed on July 25, 2013. (Doc. 61). Kottemann's motion to dismiss the complaint (doc. 31) was denied on July 25, 2013. (Doc. 61).

On April 26, 2013, Kottemann notified the court that he had filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Mississippi. (Doc. 52; *see also* Doc. 53 (United States' suggestion of bankruptcy)). The case was stayed at the parties' request. (Docs. 52, 54, 56). On

July 24, 2013, the United States moved to reopen on the grounds that Kottemann had surrendered the property which is the subject of this foreclosure action with the consent of the bankruptcy trustee. (Doc. 57). The United States sought to reopen this case "so that plaintiff may obtain *in rem* relief against the property." (*Id*.). The court reopened the case. (Doc. 60). After efforts at settlement were unsuccessful, (*see* docs. 69, 70), the United States filed an amended motion for summary judgment. (Doc. 72).

The United States' amended motion for summary judgment seeks a Final Judgment of Foreclosure determining the amount of the indebtedness, foreclosing the mortgage lien on the real property, and providing for sale of the subject property. (Doc. 72; Doc. 84). The United States requests that if the successful bidder offers more than the judgment amount, the excess be retained in escrow by the United States Marshal for disposition by the court, and that if the successful bidder offers less than the judgment amount, the United States' claim for any deficiency against Mr. Kottemann be dismissed with prejudice due to Kottemann's personal bankruptcy. (*Id*.). The United States moves to dismiss without prejudice its claims against the remaining defendants: Kottemann Law Firm, PLLC, John Doe and Jane Doe. (*Id*.).

A telephone status conference was held on March 17, 2014. (Doc. 83). Prior to the conference, the United States submitted to the court the original loan, mortgage and security documents. (Doc. 82). During the telephone status conference, Kottemann stated his sole concern was that he not be held individually/personally liable for any past due property taxes or deficiency if the proceeds from the sale fail to satisfy the debt in full. Counsel for the United States confirmed that the United States is not seeking to hold Kottemann personally liable for any taxes or deficiency.

The United States' proposed Final Judgment of Foreclosure (doc. 84) confirms counsel's assurances. Mr. Kottemann has been provided an opportunity to inspect and make copies of the original loan, mortgage and security documents. (Doc. 82).

## FACTS

The following facts are not genuinely disputed and are sufficiently supported by the verified complaint and attachments (doc. 1, Exs. A-E; *see also* certified copies at doc. 41, Ex. 1), the documents submitted with plaintiff's amended motion for summary judgment (doc. 72), and the original mortgage, loan and security documents (doc. 82). On or about July 5, 2006, Kottemann executed a promissory note with the Small Business Administration ("SBA"), an agency of the United States of America, for the sum of $240,000.00, evidencing a loan (loan #97016240-08) made to Kottemann by the United States in that amount. (Doc. 1, Attach. 6, Ex. A; Doc. 41, Ex. 1). The indebtedness was secured with a mortgage on certain real property described below. The terms of the promissory note require Kottemann to repay the face amount of the loan in equal installments together with interest. (*Id*.). Contained within the promissory note as paragraph 4, identified as "DEFAULT," is a provision defining default under the terms of the promissory note. (*Id*.). The definition of default includes failure to make lawful payments when due. (*Id*.). Also contained within the promissory note as paragraph 5, identified as "SBA'S RIGHTS IF THERE IS A DEFAULT" are provisions that permit the SBA, without notice or demand, to declare the total of the amount due immediately payable and to permit the United States, acting through the SBA, to sue for the security and for judgment. (*Id*.). As security for the loan (loan #9701624008), Kottemann executed and delivered to the United States, acting through its agency the SBA, a real estate mortgage creating a

lien on certain real property located in Escambia County, Florida, more particularly described as follows:

> LOTS 17, 18 AND 19, BLOCK 178, MAXENT TRACT IN THE CITY OF PENSACOLA, ACCORDING TO THE MAP OF SAID CITY COPYRIGHTED BY THOMAS C. WATSON IN 1906.
>
> More commonly known as: 1310 W. Cypress St., Pensacola, FL 32501

(Doc. 1, Attach. 6, Ex. B; duplicate certified copy provided at Doc. 41, Ex. 1). Said mortgage was recorded in Book 5957 at pages 1049-1054 in the public records of Escambia County, Florida. (*Id*).

On or about August 24, 2006, defendant Timothy Kottemann, acting on behalf of defendant Kottemann Law Firm, PLLC, executed a promissory note in the principal amount of $73,000.00, reflecting an additional loan (loan #96976240-04) made to Kottemann Law Firm, PLLC by the United States in that amount. (Doc. 1, Attach. 6, Ex. C; Doc. 41, Ex. 1). The terms of the promissory note require Kottemann Law Firm to repay the face amount of the loan in equal installments together with interest. (*Id*.). Contained within the promissory note as paragraph 4, identified as "DEFAULT," is a provision defining default under the terms of the promissory note. (*Id*.). The definition of default includes failure to make lawful payments when due. (*Id*.). Also contained within the promissory note as paragraph 5, identified as "SBA'S RIGHTS IF THERE IS A DEFAULT" are provisions that permit the SBA, without notice or demand, to declare the total of the amount due immediately payable and to permit the United States, acting through the SBA, to sue for the security and for judgment. (*Id*.). On or about August 24, 2006, defendant Timothy Kottemann executed a personal unlimited guarantee for the loan (loan

#96976240-04). (Doc. 1, Attach. 6, Ex. D; Doc. 41, Ex. 1). As security for the loan (loan #96976240-04), Kottemann executed and delivered to the United States, acting through its agency the SBA, a deed of trust creating a lien on certain real property located in Escambia County, Florida, more particularly described as follows:

> LOTS 17, 18 AND 19, BLOCK 178, MAXENT TRACT IN THE CITY OF PENSACOLA, ACCORDING TO THE MAP OF SAID CITY COPYRIGHTED BY THOMAS C. WATSON IN 1906.
>
> More commonly known as: 1310 W. Cypress St., Pensacola, FL 32501

(Doc. 1, Attach. 6, Ex. E; Doc. 41, Ex. 1). Said deed of trust was recorded in Book 6027 at pages 841-847 in the public records of Escambia County, Florida. (*Id*).

Kottemann defaulted on loan #97016240-08, by failing to pay monthly installments of principal and interest due. By letter dated November 3, 2009, the SBA notified Kottemann that the loan was in default for nonpayment, declared the entire balance of the indebtedness due and payable, and demanded payment. (Doc. 72, Attach. 4, at 1). No payment on loan #97016240-08 has been made since December of 2012. (Doc. 72, Attach. 3, Nguyen Aff.). There was due and owing the United States, as of October 30, 2013, the principal sum of $238,247.54 and total interest of $27,411.32, with interest accruing thereafter at a daily rate of $17.54. (*Id*.).

Kottemann Law Firm, PLLC defaulted on loan #96976240-04, by failing to pay monthly installments of principal and interest due. By letter dated March 25, 2010, the SBA notified Kottemann and Kottemann Law Firm, PLLC that the loan was in default for nonpayment, declared the entire balance of the indebtedness due and payable, and demanded payment from Kottemann as guarantor of the note. (Doc. 72,

Attach. 4, at 1). No payment on loan #96976240-04 has been made since July 30, 2010. (Doc. 72, Attach. 3, Nguyen Aff.). There was due and owing the United States, as of October 30, 2013, the principal sum of $73,100.00 and total interest of $12,772.45, with interest accruing thereafter at a daily rate of $8.01. (*Id*.).

Between the two loans combined, there is presently due and owing the United States, as of March 19, 2014, the sum of $359,962.77, inclusive of principal, interest and costs, including the cost of this litigation, with interest accruing thereafter at a daily rate of $25.55. (Doc. 84.).

## DISCUSSION

A motion for summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proof to set forth the basis for its motion, identifying facts as to which there is no genuine dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*, 477 U.S. at 248, 106 S. Ct. at 2510. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The nonmoving party must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89

L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553-54. When a party fails to properly address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the court may consider the fact undisputed, or may grant summary judgment if the motion and supporting materials show that the moving party is entitled to it. Fed. R. Civ. P. 56(e)(2), (3).

Although the loans and security instruments are governed by federal common law, absent a need for uniformity, such law is determined by application of the law wherein the real property is located. *United States v. Kimbell Foods, Inc.* 440 U.S. 715, 726-27, 99 S. Ct. 1448, 1457-58, 59 L. Ed. 2d 711 (1979); *Fed. Deposit Ins. Corp. v. Jenkins*, 888 F.2d 1537, 1545 (11th Cir. 1989). The court refers to Florida law for the necessary elements to prove the right to foreclosure on security property. Under Florida law, the holder of the promissory note is entitled to enforce its terms. *Riggs v. Aurora Loan Servs.*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010). A promissory note is self-authenticating. *Id*. A payee's possession of an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense. *Cole Taylor Bank v. Shannon*, 772 So.2d 546, 550 (Fla. 1st DCA 2000). "[I]n the absence of any valid defense, the trial court cannot refuse to enforce the terms of a note and mortgage." *GE Capital Mtg. Servs., Inc. v. Canales*, 691 So. 2d 21, 21 (Fla. 3d DCA 1997) (*citing David v. Sun Fed. Sav. & Loan Ass'n*, 461 So. 2d 93 (Fla. 1984)).

The allegations contained in the complaint (doc. 1) and the Unites States' Statement of Facts (doc. 72) are not genuinely disputed and also have been proven by competent evidence. The terms of the two promissory notes, mortgage and deed

of trust require Kottemann and Kottemann Law Firm, PLLC to repay the face amount of the loans in equal installments together with interest.  The terms of the notes expressly provide that the failure to make lawful payments when due constitutes a default under the terms of the instruments, justifying foreclosure.  Kottemann and Kottemann Law Firm, PLLC defaulted on the loans.  The United States is entitled to the amount due under the promissory notes as specified above, and is entitled to foreclose its liens to satisfy the debts.  Kottemann's "affirmative defenses" are either conclusively refuted by the summary judgment record or unsustainable under the relevant law.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's amended motion for summary judgment (doc. 72) be GRANTED.

2.  That the court enter plaintiff's proposed Final Judgment of Foreclosure (doc. 84, Attach.).

3.  That the clerk be directed to coordinate with plaintiff's counsel the return of the original loan and security documents.

At Pensacola, Florida this 24th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).