UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.        Case No. 3:12cv114/MCR/CJK

**KOTTEMANN LAW FIRM PLLC,**
**et al.,**

    Defendants.
_____/

**ORDER**

Upon consideration of the Report and Recommendation of the Magistrate Judge filed on March 24, 2014 (doc. 86), pursuant to 28 U.S.C. § 636(b)(1)(B), and after reviewing objections to the Recommendation, the Recommendation is adopted as the opinion of the Court. Defendants' request for a status conference will be denied.

Accordingly, it is now ORDERED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 86) is adopted and incorporated by reference in this Order.

2. Plaintiff's amended motion for summary judgment (doc. 72) is **GRANTED**, and Defendants' Request for Status Conference (doc. 87) is **DENIED**.

3. There is due and owing Plaintiff, United States of America, by Timothy P. Kottemann, on account of the promissory notes dated July 5, 2006, and August 18, 2006, described in paragraphs four and six, respectively, of the complaint herein, the sum of three hundred fifty-nine thousand, nine hundred sixty-two and 77/100 ($359,962.77) dollars, inclusive of principal, interest and costs, including the cost of this litigation, as of the nineteenth day of March, 2014, plus interest at a daily rate of $25.55 from March 19,

2014, to the date of this judgment, and at the judgment rate thereafter.

 4. For the payment of said sum due Plaintiff, Plaintiff has a valid lien on the real property encumbered by the mortgage being foreclosed herein and Plaintiff is entitled to foreclose its said mortgage lien.  The said mortgaged property involved herein is situated in Escambia County, Florida and is described as:

> LOTS 17, 18 AND 19, BLOCK 178, MAXENT TRACT IN THE CITY OF PENSACOLA, ACCORDING TO THE MAP OF SAID CITY COPYRIGHTED BY THOMAS C. WATSON IN 1906.
>
> More commonly known as:  1310 W. Cypress St., Pensacola, FL 32501

being the same property as described in that certain mortgage dated July 5, 2006, as recorded in Book 5957 at page 1049 in the public records of Escambia County, Florida.

 5. Plaintiff's said mortgage lien is superior in dignity to any right, title, interest, or claim of Defendants herein or of any person or party claiming by, through, or under said Defendants.

 6. If the aforesaid sum is not paid forthwith to Plaintiff, the real property shall be sold to the highest and best bidder for cash, at public outcry, on the steps of the Escambia County Courthouse in Pensacola, Florida, said property being sold free and clear of any right, title and interest of the Defendants herein or any and all persons, firms and corporations claiming by, through, under, or against said Defendants, at a sale to be held by the United States Marshal for this district, or his duly authorized deputy, who is to report his acts and doings in that behalf to this Court.

 7. The United States Marshal or his authorized deputy is directed to publish a notice of sale, describing the property to be sold, once a week for four (4) consecutive weeks immediately prior to sale, in a newspaper of general circulation in Pensacola, Florida; such sale to be made to the highest and best bidder for cash, subject to the right reserved to Plaintiff to bid in such property and apply its bid to the indebtedness due it as set forth above.

 8. The United States Marshal is hereby authorized to enter a protective bid at the above described sale on behalf of Plaintiff United States of America.

*Case No: 3:12cv114/MCR/CJK*

9.  Upon receipt of the purchase price bid at said sale, the United States Marshal or his authorized deputy shall make a report of the sale to this Court for confirmation. Upon such confirmation, the Marshal shall make and execute a good and sufficient Marshal's deed conveying the real property to the purchase or purchasers thereof.

10.  From the proceeds arising from the sale of the aforesaid property, the Marshal shall retain his fees and costs incurred in connection with said sale and shall pay over the remainder of the proceeds to Plaintiff United States of America to the extent of its aforesaid lien.  The balance shall remain in the registry of this Court pending further order.

11.  Upon confirmation of sale, the Defendants and all persons claiming by, through, under, or against them, shall stand forever barred and foreclosed of all right, title and interest in and to said property and the purchaser thereof shall be entitled to immediate possession of said property.

12.  Upon entry of the Judgment of Foreclosure, the Clerk shall administratively close the file but the Court retains jurisdiction to confirm the sale and enter any other necessary orders.  Upon confirmation of the sale, this matter will be closed for all purposes and dismissed with prejudice against Defendant Timothy P. Kottemann.  The United States shall have no further recovery against Defendant Timothy P. Kottemann.

13.  This matter is **DISMISSED** without prejudice against the remaining named and unnamed Defendants.[1]

14.  The Clerk of Court shall coordinate with Plaintiff's counsel the return of the original loan and security documents currently held in the Court's vault.

**DONE AND ORDERED** this 17th day of April, 2014.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Even assuming named Defendant Kottemann Law Firm, PLLC, was not properly served as Defendant Timothy Kottemann argues, the result–dismissal without prejudice–is the same.  *See* Fed. R. Civ. P. 4(m).

*Case No: 3:12cv114/MCR/CJK*